

# THE ATTORNEY GENERAL
# OF TEXAS

RICE DANIEL                          AUSTIN, TEXAS
TORNEY GENERAL


May 27, 1950


Hon. Raymond E. Magee            Opinion No. V-1063
County Attorney
Galveston County                 Re: Compensation of Chief
Galveston, Texas                     Probation Officer in
                                     Galveston County and
Dear Sir:                            related questions.

        You have requested our opinion on the follow-
ing questions:

        1.  Is the compensation of the Chief
    Probation Officer in Galveston County gov-
    erned by the provisions of Senate Bill 92,
    Acts 51st Leg., R.S. 1949, ch.320, p.601.

        2.  Is the Chief Probation Officer of
    Galveston County included in the provisions
    of subdivision (b) of Section 62 of Article
    XVI of the Constitution of Texas providing
    for a "Retirement, Disability and Death Com-
    pensation Fund for the appointive officers
    and employees of the county."

        Senate Bill 92, Acts 51st Leg., R.S. 1949, ch.
320, p.601, provides in part:

        "The Commissioners Court in each county
    of this State is hereby authorized, when in
    their judgment the financial condition of the
    county and the needs of the officer justify
    the increase, to enter an order increasing
    the compensation of the precinct, county and
    district officers, or either of them, in an
    additional amount not to exceed twenty-five
    (25%) per cent of the sum allowed under the
    law for the fiscal year of 1948, whether paid
    on fee or salary basis; provided, however,
    the members of the Commissioners Court may
    not raise the salaries of any of such Com-
    missioners Court under the terms of this Act
    without raising the salary of the remaining
    county officials in like proportion." (Em-
    phasis added throughout)

Hon. Raymond E. Magee, page 2   (V-1063)


Under the provisions of Senate Bill 92 the Commissioners' Court would only be allowed to raise the compensation of its county officers in an amount not to exceed twenty-five per cent of the sum allowed under the laws for the fiscal year of 1948. It was held, however, in Attorney General's Opinion No. V-915 that the compensation of a juvenile officer or probation officer in counties of 190,000 inhabitants or less is governed by the provisions of House Bill 54, Acts 51st Leg., R.S. 1949, ch.338, p.653, which provides in part:

> "The Commissioners Courts of all counties in which Juvenile Officers or Probation Officers, or their assistants, are employed under existing laws of this State, shall fix the salaries to be paid such Juvenile Officers or Probation Officers and their assistants, and provide for their expenses, without limitation. Provided, that in counties where there is a Juvenile Board, said Board shall recommend the salary to be paid to such Juvenile Officer or Probation Officer and their assistants, which salary shall be approved by the Commissioners Court; and provided, further, that no Juvenile Officer or Probation Officer, or their assistants, shall be paid a salary less than that now provided by existing laws. The Commissioners Court is authorized in its discretion to furnish such Juvenile Officers or Probation Officers an automobile and provide an allowance for the expense of operating the same. The provisions of this Act shall not apply to those counties whose population exceeds one hundred and ninety thousand (190,000) according to the last or any future Federal Census."

Since Galveston County has a population of 81,-173 inhabitants according to the last preceding Federal Census, the compensation of the Chief Probation Officer of Galveston County is governed by the provisions of House Bill 54. Under the terms of House Bill 54 the Commissioners' Court is not limited as to the maximum amount of compensation to be paid such officer. Therefore, it is our opinion that the Commissioners' Court in fixing the compensation of the Chief Probation Officer of Galveston County is not limited to the twenty-five per cent increase authorized under Senate Bill 92 of the 51st Legislature, but it may fix the salary of the Chief Probation Officer "without limitation," for

Senate Bill 92 has no application to the salary to be paid to the Chief Probation Officer of Galveston County.

Your second question is determined by subdivision (b) of Section 62 of Article XVI of the Constitution of Texas which provides:

"(b) Each county shall have the right to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the county; provided same is authorized by a majority vote of the qualified voters of such county and after such election has been advertised by being published in at least one newspaper of general circulation in said county once each week for four consecutive weeks; provided that the amount contributed by the county to such Fund shall equal the amount paid for the same purpose for the income of each such person, and shall not exceed at any time five per centum (5%) of the compensation paid to each such person by the county, and shall in no one year exceed the sum of One Hundred and Eighty Dollars ($180) for any such person.

"All funds provided for the compensation of each such person, or by the county, for such Retirement, Disability and Death Compensation Fund, as are received by the county, shall be invested in bonds of the United States, the State of Texas, or counties or cities of this State, or in bonds issued by any agency of the United States Government, the payment of the principal of and interest on which is guaranteed by the United States, provided that a sufficient amount of said funds shall be kept on hand to meet the immediate payment of the amount likely to become due each year out of said Fund, such amount of funds to be kept on hand to be determined by the agency which may be provided by law to administer said Fund; and provided that the recipients of benefits from said Fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas, unless the Fund, the creation of

Hon. Raymond E. Magee, page 4 (V-1063)

which is provided for herein, contributed by the county, is released to the State of Texas as a condition to receiving such other pension aid."

"Public Office" is defined in Commissioners Court of Limestone County v. Garrett, 236 S.W. 970, 972 (Comm.App.1922) as follows:

"'Public office is the right, authority, and duty created and conferred by law by which, for a given period either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government to be exercised by him for the benefit of the public. The correctness of this definition is nowhere questioned, so far as we know, and it is useless to add supporting authorities.' Kimbrough v. Barnett, 92 Tex. 310, 55 S.W. 122."

In Attorney General Opinion No. 0-1003, dated July 31, 1939, it was held that a county juvenile or probation officer is a civil officer of emolument within the meaning of Section 40 of Article XVI of the Constitution of Texas, which prohibits a person from holding more than one civil office of emolument at the same time.

Since the Chief Probation Officer is a county officer appointed in accordance with the provisions of Article 5142, it is our opinion that the Chief Probation Officer of Galveston County is an appointive officer of the county within the meaning of subdivision (b) of Section 62 of Article XVI of the Constitution of Texas. He is therefore eligible to participate in the "Retirement, Disability, and Death Compensation Fund" provided for therein.

## SUMMARY

The compensation of a juvenile or probation officer in Galveston County is governed by the provisions of House Bill 54, Acts 51st Leg., R.S. 1949, ch.338, p.653, and the Commissioners' Court in fixing the compensation of such officer is not limited as to maximum by the provisions of Senate Bill 92, Acts 51st Leg., R.S. 1949, ch.320, p.601; A.G. Opinion No. V-915. A county juvenile or probation

Hon. Raymond E. Magee, page 5   (V-1063)

officer, being an appointive county officer, is eligible to the benefits of the "Retirement, Disability and Death Compensation Fund," provided for in subdivision (b) of Section 62 of Article XVI of the Constitution of Texas.  Commissioners' Court of Limestone County v. Garrett, 236 S.W. 970 (Com.App.1922); A.G. Opinion No. 0-1003.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Joe Greenhill
First Assistant

Price Daniel
Attorney General

JR:bh:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant